IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KAREN PITTMAN,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    No. 3:05-cv-336
                                        )
CYNTHIA AND CLIFFORD JOHNSON,           )
                                        )
        Defendant.                      )

## MEMORANDUM OPINION

This civil action is before the court on the defendants' motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure [doc. 10]. The plaintiff has responded [doc. 13], and the motion is ripe for the court's consideration. The defendants requested oral argument on their motion, but the court finds that oral argument is not necessary. For the reasons discussed below, the defendants' motion will be denied.

In her complaint, the plaintiff alleges that she leased a residence located in Jefferson County, Tennessee, from defendants; that defendant Clifford Johnson subjected her to multiple incidents of sexual harassment; that she was evicted from the property; and that she suffered the loss of her personal property as a result of the eviction. The plaintiff complains that the defendants have

violated her rights under the Fair Housing Act (42 U.S.C. § 3601 *et seq.*), and she raises state law claims of assault and battery and intentional infliction of emotional distress.  She seeks compensatory and punitive damages, a permanent injunction, and attorney's fees and costs.

In their motion to dismiss, the defendants argue that pursuant to 42 U.S.C. § 3603(b)(1) they are exempt from the prohibitions of the Fair Housing Act.  Under this section, the Fair Housing Act does not apply to sales and rentals of single-family houses by the owner subject to the following provisos: (1) the owner does not own more than three such houses at any one time; (2) in the case of a sale of a dwelling, the owner has not made a similar sale within the past twenty-four months; (3) the owner does not have a beneficial interest in any part of the proceeds from the sale or rental of more than three such dwellings; and (4) the dwelling was sold or rented without using professional broker and without publication of an advertisement prohibited by the Act.  The four provisos "do not give rise to four independent exemptions . . . but represent four cumulative preconditions to the single exemption set out in the prefatory clause.  If any of the four provisos is not satisfied, no section 3603(b)(1) exemption is appropriate." *Hogar Agua y Vida en el Desierto, Inc. v. Suarez-Medina*, 36 F.3d 177, 184 (1st Cir. 1994) (emphasis omitted).  The party seeking the exemption has the burden of proving that the exemption applies.  *Id.* at 182 n. 4.

2

The only issue raised by the defendants relates to the first proviso; that is, whether they own more than three single-family houses. The defendants claim that they are entitled to the exemption because they only own three rental houses in Jefferson County in addition to their primary residence in Knox County. The meager case law on this issue, however, demonstrates that ownership of three rental properties in addition to their primary residence disqualifies the defendants from the benefit of the exemption. In *Hogar*, the First Circuit considered the same issue; that is, whether the defendant's primary residence should be considered as one of the "more than three single-family houses" for purposes of the exemption. The Court noted that the Fair Housing Act is a remedial statute and found that ambiguous exemptions in remedial statutes are to be narrowly construed. *Id.* at 181. After carefully considering the language of § 3603(b) and its legislative history, the Court concluded that the defendant's primary residence should not to be excluded under the first proviso. *Id.* at 185.

Although the issue in *Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337 (6th Cir. 1994), was whether the alleged discriminatory sale was exempt under all four of the provisos, the Sixth Circuit found that the defendant "only owned two dwellings, her principal place of residence and the 24 Mile Road property." *Id.* at 342. Thus, the Sixth Circuit, like the court in *Hogar*,

3

included the defendant's primary residence as one of the "more than three single-family houses" when considering the first proviso.[1]

Therefore, the court finds that the defendants' ownership of three dwellings in addition to their primary residence disqualifies them for the exemption set out in 3603(b), and their motion to dismiss for lack of jurisdiction must be denied. The defendants' request for attorney's fees and costs must also be denied since they are not prevailing parties on this motion. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge

---

[1] The court is aware of *Lamb v. Sallee*, 417 F. Supp. 282 (6th Cir. 1976), where the district court found, without any discussion of the legislative history or the remedial purpose of the statute, that a defendant's private residence was not one of the houses included in the "more than three" calculation. Based on the Sixth Circuit's language in *Babin* and the reasoning of *Hogar*, this court declines to follow *Lamb*.